**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**(Alexandria Division)**

|  |  |  |
|---|---|---|
| **ROBOTIC VISION TECHNOLOGIES LLC, a Nevada Limited Liability Company, and FREDERICK WEIDINGER, an individual,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 1:11cv250 (TSE/TRJ)** |
| **ADIL SHAFI, an Individual,** | ) ) | |
| **Defendant.** | ) ) ) | |

**DEFENDANT ADIL SHAFI'S**
**RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,**
**RULE 12(b)(3) MOTION TO DISMISS ON GROUNDS OF IMPROPER VENUE**
**AND REQUEST FOR COSTS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Adil Shafi, by and through undersigned counsel, respectfully moves this Court for entry of an Order dismissing the Complaint with prejudice. The grounds for this motion are stated in the accompanying Brief being filed herewith and include:

For the entire Complaint, the assertion that the plaintiffs' claims are barred by the doctrine of *res judiciata* and collateral estoppel as the claims mirror those which were or could have been pursued in the lawsuit pending in the United States District Court for Michigan entitled, Braintech vs. Shafi, Case No. 09-10454 (E.D. Michigan, Hon Victoria Roberts) and which is presently set to proceed to trial on June 28, 2011.

And with respect to the specific counts of the Complaint, Defendant states as follows:

Under Count II – (Breach of Fiduciary Duty) RVT's breach of fiduciary duty count is stale.  In Virginia, the statute of limitations for breach of fiduciary duty is two years and the acts complained of happened in 2008, more than two years from the filing of the Complaint;

Under Count III (Non-Compete Clause) Any breach of the non-competition agreement is barred, similarly to Count I, by the legal doctrine that personal service agreements cannot be assigned;

Under Count IV (Defamation) the Complaint fails to state with particularity the statements that constituted defamation and identify the speaker and the circumstances of the publication; and

Under Count V (Unfair competition) in order to state a plausible claim for unfair competition, the advertisement has to be false.  Defendant's statement of his prior experience cannot be false even if arguably he sold that experience to someone else. There is another cause of action, such as those brought here, but the statement of experience is still true given that Mr. Shafi actually has the experience he allegedly advertises on the website of his current company.

Alternatively, this case should be dismissed for improper venue, pursuant to Rule 12(b)(3), especially when the subject of the litigation has already commenced and in that litigation, the plaintiffs' here did not contest venue and concluding it was proper to bring the lawsuit containing the same claims in Michigan.  In addition the very contract which Plaintiffs' place at issue contains a forum selection clause establishing Michigan as the appropriate forum for the claims asserted.  If not dismissed, this case must be transferred to Michigan.

The Affidavit of Adil Shafi is also submitted to demonstrate that neither Mr. Shafi nor his company, Advenovation Inc., have any relationship with either Plaintiff or the State of Virginia.

WHEREFORE, for reasons asserted herein and on such other grounds as may be advanced at the hearing of this cause, Defendant requests that the Court enter an Order dismissing this action with prejudice and award it the attorney's fees incurred in defending this latest Complaint.

Dated:  May 23, 2011                              Respectfully submitted,

                                                              _____/s/_____
                                                              Michael S. Lieberman (VSB #20035)
                                                              Stacey R. Harris (VSB #65887)
                                                              *Counsel for Defendant Adil Shafi*
                                                              **DiMuroGinsberg, PC**
                                                              908 King Street, Suite 200
                                                              Alexandria, Virginia  22314
                                                              (703) 684-4333 (telephone)
                                                              (703) 548-3181 (facsimile)
                                                              E-mail: mlieberman@dimuro.com
                                                              E-mail: sharris@dimuro.com

                                                              James P. Murphy, *to be admitted pro hac vice*
                                                              BERRY MOORMAN, PC
                                                              535 Griswold, Suite 1900
                                                              313/223-1605 (direct)
                                                              313/496-1300 (fax)
                                                              E-mail: murph@berrymoorman.com
                                                              *Counsel for Defendant Adil Shafi*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing (NEF) to: the following:

H. Jonathan Redway (Va. Bar. No. 42189)
jredway@dicksonwright.com
DICKINSON WRIGHT PLLC
1875 Eye St., N.W., Suite 1200
Washington, D.C.  20006
Tel: 202.659.6946
Fax: 202.659.1559

AND that I further caused a courtesy copy to be e-mailed to:

Thomas G. McNeill, Esq.
TMcNeill@dicksinsonwright.com
Michelle L. Alamo, Esq.
MAlamo@dicksinsonwright.com
DICKSINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit Michigan 48226
Tel. 313.223.3500
Fax. 313.2223.3598

_____/s/_____
Stacey R. Harris