**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**(Alexandria Division)**

| | |
|---|---|
| **ROBOTIC VISION TECHNOLOGIES LLC**, a Nevada Limited Liability Company, and **FREDERICK WEIDINGER**, an individual,  **Plaintiffs**,  vs.  **ADIL SHAFI, an Individual**,  **Defendant.** | Case No. 1:11cv250 (TSE/TRJ) |

**PROPOSED JOINT DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f)(3); Rule 26(A) of the Local Rules of the United States District Court for the Eastern District of Virginia, and this Court's Order of May 31, 2011, the undersigned attorneys for the parties conferred on Wednesday, June 15, 2011 and submit the following proposed Discovery Plan.

**I.  Discovery Plan – Fed. R. Civ. P. 26(f)(3)**

*A.  Timing, Form, or Requirement of Initial Disclosures – Fed. R. Civ. P. 26(f)(3)(A)*

Counsel for Plaintiffs and the Defendant agree that their initial disclosures will be due on **July 6, 2011**. They agree that no changes in the form or requirement of initial disclosures under Fed. R. Civ. P. 26(a) should be made.

*B.  Subjects, Completion, or Limitation of Discovery – Fed. R. Civ. P. 26(f)(3)(B)*

Counsel for Plaintiffs and the Defendant agree that discovery should not be limited or conducted in phases. They anticipate that the subject of discovery will be the circumstances of

Plaintiffs' claims and damages, Defendant's defenses, and any other issues that may be relevant, material, or discoverable in this case.

### C. Privilege and Protected Materials – Fed. R. Civ. P. 26(f)(3)(D)

The parties agree to make a good-faith effort to provide a privilege log within a reasonable amount of time from service of documents responsive to document requests, but in any event not later than 21 days from the date privileged documents are discovered pursuant to a search for documents responsive to a particular document request.  The parties further agree that communications between any party and its outside litigation counsel related to this action and documents and things created by or for a party's litigation counsel in anticipation of this action need not be produced nor identified on any such privilege log. Consistent with this agreement, all discovery requests propounded will not be interpreted as soliciting any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the commencement of litigation in the action styled  *Braintech Inc., v Shafi, Civ. Action No 09-10454, E.D. Michigan (Hon Victoria Roberts)* as well as after the filing of this lawsuit.

The parties further agree that the inadvertent production of any privileged or otherwise protected materials shall not be deemed to be a waiver or impairment of any claim of privilege or protection. Upon receiving notice from the producing party that allegedly privileged or protected materials have been inadvertently produced, they shall be promptly returned to the producing party. All copies shall be destroyed or sequestered and the receiving party shall certified such steps as taken to ensure such materials shall not be further reviewed until all issues relating to the production are resolved between the parties. The return of the materials shall not preclude the receiving party from seeking to compel production of those materials, nor constitute an

2

admission that the materials were, in fact, privileged, and the producing party must preserve such documents.

**D.**     *Changes in the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)*

The parties agree that no changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, or the Court's May 31, 2011 Order will be required.

**E.**     *Any other Orders the Court should issue under Rule 26(c) or Under Rule 16(b) and (c). Scheduling Order – Fed. R. Civ. P. 26(f)(3)(F)*

| Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Requests to Amend or Add Party/Claims | June 30, 2011 | June 30, 2011 |
| Plaintiffs' 26(a)(2) Disclosures | July 30, 2011 | June 30, 2011 |
| Defendant's 26(a)(2) Disclosures | August 14, 2011 | July 14, 2011 |
| Rebuttal 26(a)(2) Disclosures | August 21, 2011 | July 21, 2011 |
| Close of Discovery | September 9, 2011 | September 9, 2011 |
| 26(a)(3) Disclosures | September 15, 2011 | September 15, 2011 |
| Final Pretrial | September 15, 2011 at 11:00 a.m. | September 15, 2011 at 11:00 a.m. |
| Objections to 26(a)(3) Disclosures | September 25, 2011 | September 25, 2011 |
| Dispositive Motions filed | In accordance with local rules and practices – there is no need to set this date now | In accordance with local rules and practices – there is no need to set this date now |
| Hearing on Dispositive Motions | In accordance with local rules and practices – there is no need to set this date now | In accordance with local rules and practices – there is no need to set this date now |
| Hearing on Non-Dispositive Motions | In accordance with local rules and practices – there is no need to set this date now | In accordance with local rules and practices – there is no need to set this date now |

**Third Party Materials.** The parties shall provide, subject to reimbursement of expenses from the receiving party, or make available all materials obtained from third parties pursuant to Rule 45.

3

### F. Protective Order

This action may require disclosure of confidential or proprietary technical and financial information. Accordingly, entry by the Court of an appropriate protective order may be required. The parties may present a stipulated protective order to the Court for its consideration prior to the scheduling conference. The parties agree that the absence of a protective order in this matter will not be used as a basis not to produce documents and in the absence of such order, documents identified as confidential will be treated as Attorneys' Eyes Only until entry of an appropriate protective order.

## II. Service Of Papers

The parties agree to serve copies of papers on each other by electronic mail. Where copies are available via ECF service, no additional e-mail service is required pursuant to the Court's rules regarding ECF service. To the extent that voluminous attachments are not feasible to be sent electronically, then hard copies of such attachments should be sent via overnight courier.

## III. Magistrate Trial

The parties respectfully do not request a trial before a magistrate judge.

## IV. Settlement

Settlement discussions are not likely to occur at present.

## V. Matters On Which There Is No Agreement

The parties disagree on the timing of the Rule 26(a)(2) disclosures.

1. <u>Plaintiffs' Position:</u> Defendant's proposed disclosure date of June 30, 2011, is unworkable because it would require the exchange of expert disclosures and expert reports in two weeks, well before discovery on Plaintiffs' claims has been completed. Despite the impression Defendant seeks to create, this matter involves claims that are not, and have never been, the subject of the Michigan action and in which discovery

was not conducted in the Michigan action. Although this case was filed in March, Defendant has not filed an answer yet, and failed to appear in this matter until May 23, 2011, when he filed his motion to dismiss or transfer. Unlike Defendant's proposed schedule, Plaintiffs' proposed schedule is workable and fair to both parties because it provides sufficient time for fact discovery to be completed before expert disclosures, as well as ample time after expert disclosures to conduct expert depositions well within the Court's discovery deadline.

2. <u>Defendant's Position</u>:  Plaintiffs or their predecessor (Braintech Inc.) have been in litigation against Shafi for over two years in the federal district court in Detroit, Michigan and have known of these claims since August, 2009.  Plaintiffs cite discovery in the Michigan case as the basis for the defamation claims. This case was filed on March 15, 2011.  This unique posture mandates earlier Rule 26(a)(2) disclosures.

**WHEREFORE**, the parties respectfully request this Court to resolve the scheduling disagreement and enter a Scheduling Order consistent with the foregoing Joint Discovery Plan.

Dated: June 15, 2011                                            Respectfully submitted,


s/ H. Jonathan Redway                                       s/      James P. Murphy
H. Jonathan Redway (Va. Bar. No. 42189)      Michael S. Lieberman (VSB #20035)
jredway@dickinsonwright.com                          Stacey R. Harris (VSB #65887)
DICKINSON WRIGHT PLLC                               DIMUROGINSBERG, PC
1875 Eye St, N.W., Suite 1200                            908 King Street, Suite 200
Washington, D.C.  20006                                    Alexandria, Virginia 22314

5

| | |
|---|---|
| Tel:   202.659.6946 | Tel. (703) 684-4333 |
| Article I.       Fax:  202.659.1559 | Fax. (703) 548-3181 |
| | E-mail: mlieberman@dimuro.com |
| Thomas G. McNeill (MI Bar No. P36895) | E-mail: sharris@dimuro.com |
| TMcNeill@dickinsonwright.com | |
| Michelle L. Alamo (MI Bar No. P60684) | James P. Murphy, to be admitted pro hac vice |
| MAlamo@dickinsonwright.com | BERRY MOORMAN, PC |
| DICKINSON WRIGHT PLLC | 535 Griswold, Suite 1900 |
| 500 Woodward Ave, Suite 4000 | 313/223-1605 (direct) |
| Detroit, Michigan 48226 | 313/496-1300 (fax) |
| Tel:   313.223.3500 | E-mail: murph@berrymoorman.com |
| Fax:   313.223.3598 | |

I hereby certify that on June 15, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
malamo@dickinsonwright.com